# In the United States Court of Federal Claims

<table>
<tr><td>

ERIC EMANUEL TAYLOR,

      Plaintiff,

      v.

THE UNITED STATES,

      Defendant.

</td><td>

No. 25-cv-932

Filed: June 5, 2025

</td></tr>
</table>

**<u>ORDER</u>**

Plaintiff Eric Emanuel Taylor, proceeding *pro se*, filed his Complaint on June 2, 2025.[1]

ECF No. 1 (Compl.). Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No.

2 (IFP Application). As described further below, since Plaintiff's Complaint is frivolous, fails to

state a claim upon which relief can be granted, and raises no claims over which this Court has

jurisdiction, this Court must dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and

Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

Plaintiff styles his Complaint as a "Complaint and Motion to Intervene and Motion for

Summary Judge [sic] and Motion for Default Judgement [sic]." Compl. at 1. Plaintiff includes a

---

[1] Plaintiff's Complaint indicates that Plaintiff brings this case "Not Versus" the United States. Compl. at 1 (styling caption as "Eric Emanuel Taylor . . . , The United States: Plaintiffs Not Versus The United States, Proponents"); *see also Taylor v. United States*, 666 F. App'x 896, 898 n.2 (Fed. Cir. 2016) (noting Plaintiff's use of similar caption in prior case); ECF No. 2 (IFP Application) at 1 (listing United States as both Plaintiff and Defendant in the case caption). If the United States were both Plaintiff and Defendant, there could be no true controversy. *Richardson v. Ramirez*, 418 U.S. 24, 36 (1974) ("[W]e are limited by the case-or-controversy requirement of Art. III to adjudication of actual disputes between adverse parties."); *see also Brookfield Relocation Inc. v. United States*, 113 Fed. Cl. 74, 78 (2013) (citing *Chi. & Grand Trunk R. Co. v. Wellman*, 143 U.S. 339, 344–45 (1892)). Construing Plaintiff's pleadings liberally, the Court understands Plaintiff to raise claims against the United States, brought by Mr. Taylor alone as the only Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"disclosure statement" on the first page of his Complaint, which purports to disclose that the United States is Plaintiff's "Parent entity owning 1 percentage of the stock" of Plaintiff's claim. *Id.* Plaintiff also attaches an opinion from another case that he had previously initiated in the United States District Court for the District of Columbia (District Court). Compl., Ex. 1 (ECF No. 1-2) (Opinion). In that action, the Honorable Emmet G. Sullivan dismissed Plaintiff's Complaint against the President, Congress, Supreme Court, and other federal judges as frivolous. *Id.* at 1–3; *see also id.* at 2 (describing the initiating pleading and its intended purpose as "incomprehensible"). Though difficult to discern, Plaintiff's claims here appear to challenge Judge Sullivan's Opinion dismissing Plaintiff's claims.

Specifically, Plaintiff contends that he was entitled to recover on a "false conviction" tort claim under the Federal Tort Claims Act and Civil Rights Act of 1866 in the District Court. Compl. at 5, 7–8 (referencing Section 3 of the Civil Rights Act of 1866 and 28 U.S.C. § 2674); *see also id.* at 8 (noting that "such tort claim basis of legitimate during civil action" before Judge Sullivan "entitle me of relief"). Plaintiff claims that Judge Sullivan's dismissal of his lawsuit without an opportunity to amend constitutes a breach of a public contract and fraud. *Id.* at 5, 7–8; *see also id.* at 5 (alleging that Plaintiff is "entitle[d] of relief from such failure of the United States' issuance of relief concerning the United States' regard of issuance of remedy from injury sustain by breach of contractual obligation, which such breach of public contractual obligation being so proven by the [District Court's] failure of having cognizance of a tort of false conviction, as section 3 of the Civil Rights Act of 1866 stating the United States District Courts would so have exclusively; as such failure of issuance of relief concerning the practicality of amendment of the pleadings during [the district court action], in turn being a breach of public contract, and thus because, I hereby assess my entitlement thus for relief, by this exertion of seeking thus of"). Plaintiff also repeatedly

references—and quotes extensively from—Executive Order No. 14,173. *Id.* at 2–4, 6; *see also* Executive Order No. 14,173, 90 Fed. Reg. 8633 (Jan. 21, 2025) ("Ending Illegal Discrimination and Restoring Merit-Based Opportunity"). Plaintiff seeks $347,023,295,000, which is "$1000 dollars per person of the general population of the United States, as a result of their citizenship and affiliation of such breach of public contract, which the United Staes collectivele being surety of such claim of relief." Compl. at 5.

## APPLICABLE LEGAL STANDARDS

It is well-established that this is a Court of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create any enforceable right against the United States on its own, nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). To invoke jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

"[T]he court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see* Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). When determining jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes*

3

*Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court liberally construes a complaint filed by a *pro se* litigant, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106); *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

Section 1915 of Title 28 of the United States Code, which permits individuals who cannot afford a federal court's filing fees to pursue their claims *in forma pauperis* without prepayment of the filing fees, mandates that a "court shall dismiss the case" if the action "is frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(a)(1), (e)(2)(B)(i)–(ii). Dismissal of claims as frivolous "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," or "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327−28 (1989) (citations omitted)); *Dozier-Carter v. United States*, No. 10-5141, 2010 WL 4569990, at *2 (Fed. Cir. Nov. 5, 2010). The Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. To properly state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### I.   **The Court Must Dismiss Plaintiff's Claims.**

This Court must dismiss Plaintiff's Complaint for multiple, independent reasons. *First*, as Plaintiff's claims are frivolous and fail to state a claim upon which relief can be granted, dismissal is required under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *Second*, dismissal is also required under Rule

12(h)(3), because this Court lacks jurisdiction to hear Plaintiff's collateral challenge to Judge Sullivan's Opinion.

### A.    Plaintiff's Claims Are Frivolous and Fail to State a Claim.

As Plaintiff's claims are frivolous and fail to state a claim, they must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  *First*, Plaintiff's claims are frivolous simply based on Plaintiff's requested relief, $347,023,295,000—an amount that "rise[s] to the level of the irrational or the wholly incredible."  *Akinro v. United States*, 91 Fed. Cl. 650, 658 (2010) (finding demand for trillions of dollars "rise[s] to the level of the irrational or the wholly incredible"); *see also Jefferson v. United States*, No. 25-cv-302, 2025 WL 666186, at *2 (Fed. Cl. Feb. 28, 2025) (dismissing case seeking $24,000,000,000,001,000,000 as frivolous); *Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *4 (Fed. Cl. Nov. 21, 2024) (finding claim for $100 million without justification frivolous).  Moreover, Plaintiff's (i) allegations of fraud and breach of a public contract by Judge Sullivan in dismissing Plaintiff's District Court action, (ii) theory that the "United States collectivele [is a] surety of [Plaintiff's] claim of relief," (iii) claim that he is bringing this claim "not against" the United States, and (iv) disclosure statement that the United States owns one percent of the stock in Plaintiff's lawsuit underscore this finding of frivolity.  Compl. at 1, 5, 7–8; *Denton*, 504 U.S. at 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 327−28).[2]  *Second*, Plaintiff's Complaint contains almost no factual allegations, and instead consists of nearly incomprehensible, rambling, run-on sentences.  *See generally* Compl.  This falls far short of stating a claim to relief under this Court's standards.  *Ashcroft*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 570)

---

[2] If the Court were not dismissing Plaintiff's claims as frivolous under Section 1915(e)(2)(B), the Court would dismiss the claims for lack of jurisdiction as they are frivolous.  Rule 12(h)(3); *Jackson v. United States*, 612 F. App'x 997, 999 (Fed. Cir. 2015) (quoting *Neitzke*, 490 U.S. at 327 (1989)) (affirming dismissal for lack of jurisdiction and noting that courts are obligated to dismiss "claims whose factual contentions are clearly baseless.").

("[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Thus, Plaintiff's claims are frivolous and fail to state a claim, so they must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**B.      This Court Lacks Jurisdiction to Review the Decision of Another Court.**

This Court lacks jurisdiction over Plaintiff's claims, which amount to a collateral attack on Judge Sullivan's Opinion.[3]  Compl. at 2, 5, 7–8; *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of

---

[3] Even if Plaintiff's claims were not challenging Judge Sullivan's Opinion, this Court would still lack jurisdiction. *First*, this Court lacks jurisdiction over tort claims, including both (i) the "false conviction" and other claims Plaintiff unsuccessfully brought in district court and (ii) any claims of fraud stemming from dismissal of those claims. Compl. at 2, 5, 7–8; *see* 28 U.S.C. § 1491(a)(1); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (recognizing that this Court lacks jurisdiction over claims "grounded upon fraud, which is a tort"); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) (rejecting plaintiff's attempt to sustain a claim under the Federal Tort Claims Act); *Barksdale v. United States*, No. 25-1386, 2025 WL 1214725, at *1 (Fed. Cir. Apr. 28, 2025) (concluding that this Court lacks jurisdiction over claims that district judges "breached their oath of office"); *Jackson*, 666 F. App'x at 898 (holding that this Court lacks jurisdiction over Mr. Taylor's claim of unjust conviction and imprisonment by the state of Virginia). *Second*, this Court lacks jurisdiction over claims brought under Section 3 of the Civil Rights Act of 1866, as that provision vests exclusive jurisdiction with "the district courts of the United States."  14 Stat. 27–30 (1866); *see also Shelden v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018) ("The Claims Court likewise lacks jurisdiction over [] claims for violations of the Civil Rights Act . . . as such claims, by statute, vest exclusively in the federal district courts."); *Searles v. United States*, 88 Fed. Cl. 801, 804 (2009) ("This court does not have jurisdiction over civil rights claims based on [the Civil Rights Act of 1866]."). *Third*, Executive Order No. 14,173 is not money mandating, as it expressly states that it "is not intended to and does not create any right or benefit, substantive or procedural, enforceable at law or in equity."  Executive Order No. 14,173, 90 Fed. Reg. at 8636; *see also Searles*, 88 Fed. Cl. at 805 (concluding that this Court lacks jurisdiction over claim based on Executive Order with same disclaimer). *Finally*, the closest Plaintiff comes to invoking this Court's limited jurisdiction are references to breach of a public contract. *See generally* Compl.  This Court, however, lacks jurisdiction because Plaintiff never plausibly alleges the existence of any contract with the United States.  *See Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997); *Doiban v. United States*, 173 Fed. Cl. 527, 549 (2024) ("[B]ecause Plaintiff 'does not plausibly allege the existence of an express or implied contract with the United States, [this] Court lack[s] subject-matter jurisdiction over the case.'" (quoting *Starrett v. United States*, No. 22-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023))).

district courts or the clerks of district courts relating to proceedings before those courts.").  Indeed, "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."  *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (citing 28 U.S.C. § 1291).  Thus, as the Court lacks jurisdiction to entertain Plaintiff's claims that challenge Judge Sullivan's Opinion, the Court must dismiss Plaintiff's related claims.  Rule 12(h)(3).

## II.    Plaintiff's IFP Application is Denied as Plaintiff's Claims are Frivolous and Plaintiff Has a History of Frivolous Filings and Vexation Litigation Conduct.

Plaintiff moves to proceed *in forma pauperis* and forgo the $405 filing fee required to file a complaint in the United States Court of Federal Claims.  *See* IFP Application.  28 U.S.C. § 1915(a)(1) provides that courts "*may* authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees."  28 U.S.C. § 1915(a)(1) (emphasis added).  The text of Section 1915, which uses the permissive "may," "permits, but does not require, a court to allow a party to proceed without paying the requisite fees."  *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) ("Proceeding *in forma pauperis* . . . is a privilege, not a right.") (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  Thus, courts may grant or deny *in forma pauperis* status to litigants under Section 1915(a)(1).  *Straw v. United States*, No. 21-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (citing *Martin v. D.C. Ct. of Appeals*, 506 U.S. 1, 3 (1992)) ("Courts have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings."); *see also Maat El*, 2024 WL 4851311, at *2 ("[T]his Court has held that '[t]he text of [§ 1915] requires that the court deny an *in forma pauperis* application

if, in connection with or prior to ruling on the application, the court finds the case frivolous.'" (quoting *Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 423 (2020))).

The Court denies Plaintiff's IFP Application because Plaintiff's claims are frivolous and Plaintiff has a history of frivolous and vexatious filings. First, as noted *supra*, Plaintiff's claims here are frivolous. *Supra* § I.A. Judge Sullivan's Opinion also found Plaintiff's claims in the District Court to be frivolous. Opinion at 1–3. Additionally, in the United States District Court for the Eastern District of Virginia, Plaintiff is subject to a pre-filing injunction "[i]n light of Plaintiff's continued abuse of the judicial process." *Taylor v. Virginia*, No. 2:15cv429, 2015 WL 13050092, at *3 (E.D. Va. Oct. 27, 2015); *see also id.* at *2 (noting Plaintiff's extensive history of vexatious litigation, including filing twenty-seven actions in the Eastern District of Virginia). Accordingly, as Plaintiff has a history of vexatious litigation conduct, and because this Court finds Plaintiff's claims here to be frivolous, the Court denies Plaintiff IFP status.

**CONCLUSION**

For the above reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and Rule 12(h)(3). Plaintiff's IFP Application (ECF No. 2) is **DENIED**. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge